DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS/ST. JOHN

HAMMERHEAD CONSTRUCTION LLC,

    Plaintiff,

    v.

HARVEY HOFFMAN,
and JANICE HOFFMAN,

    Defendants.

_____

HARVEY HOFFMAN and
JANICE HOFFMAN,

    Counterclaim Plaintiffs,

    v.

HAMMERHEAD CONSTRUCTION, LLC,
STEPHEN RIVERA and
JENNIFER FIRESTONE,

    Counterclaim Defendants.

_____

3:23-cv-00014-RAM-EAH

TO:    Ryan C. Meade, Esq.
        A. Jeffrey Weiss, Esq.

**ORDER**

**THIS MATTER** comes before the Court on a Motion to Compel and Combined Memorandum of Law, filed on Friday, December 29, 2023 by Defendants/Counterclaim Plaintiffs Harvey Hoffman and Janice Hoffman (the "Hoffmans"). Dkt. No. 57. In their motion, the Hoffmans seek to compel Counterclaim Defendants Hammerhead Construction, LLC and

Jennifer Firestone to provide "full complete and non-evasive responses and responsive documents to: (a) the Hoffmans Sept. 1, 2023 Requests for Production to Hammerhead; and to (b) the Hoffmans Sept. 5, 2023 Requests for Production to Jennifer Firestone, as Hammerhead and Firestone provided only duly vague and intentionally evasive responses to each of the Requests for Production ("RFP"), and stating for each and every individual RFP only that 'Documents responsive to this request have previously been produced . . . and are already in possession of the HOFFMANS.'" *Id*. at 1. The Hoffmans also seek sanctions pursuant to Fed. R. Civ. P. 37, and an extension of the January 8, 2024 fact discovery deadline. Plaintiff/Counterclaim Defendants did not interpose a response, and the time to do so has expired. For the reasons that follow, the Court will deny this motion.

## BACKGROUND

This is the third time where the discovery issues underlying the Hoffmans' instant Motion to Compel have come before the Court.

In the first instance, the Hoffmans filed a Motion for Extension of Time to Complete Discovery on November 27, 2023. Dkt. No. 46. In that motion, the Hoffmans requested an additional 45 days to complete fact discovery from the December 8, 2023 discovery deadline that had been set in an August 9, 2023 Scheduling Order. They explained that they served Requests for Production on September 1 and 5, 2023, and the deadlines expired on October 1 and 5, 2023 without a response from Plaintiff Hammerhead and Counterclaim-Defendants Stephen Rivera and Jennifer Firestone. Dkt. No. 46 at 1, 2. Thereafter, the Hoffmans' counsel,

A. Jeffrey Weiss, Esq., made repeated requests by email, text, and telephone to opposing counsel, Ryan C. Meade, Esq., who served the discovery responses on November 17, 2023 (on the eve of the Attorney Weiss's vacation). *Id*. at 2, 3. Having received a response, the Hoffmans did not serve the motion to compel that Attorney Weiss had prepared to elicit that discovery and was about to serve. *Id*. at 3. Attorney Weiss then developed COVID during a trip to the mainland, which caused him to file the extension motion on November 27, 2023. *Id*. Attorney Weiss's illness prevented him from reviewing the documents produced on November 17, 2023 in order to prepare for and proceed with the fact depositions of Rivera, Firestone, and Hammerhead within the short time left for discovery in the Scheduling Order. *Id*. at 4. Attorney Weiss anticipated that he would return to his office during the week of December 4, 2023. *Id.* The Hoffmans sought an extension of the discovery deadline and their time to provide expert disclosures. *Id.* at 6.

On November 30, 2023, the Court granted in part and denied in part the Hoffmans' motion for an extension, extending the discovery deadline 30 days, until January 8, 2024, as opposed to the requested 45 days. Dkt. No. 47. The Court reiterates the analysis in that Order, as it is relevant here.

> The Scheduling Order in this case was issued on August 9, 2023. Dkt. No. 40. It set out, inter alia, a December 8, 2023 discovery deadline (including depositions); a January 19, 2024 mediation deadline; a January 22, 2024 deadline for Plaintiff's experts; and a March 4, 2024 deadline for Defendants' experts. *Id*. The Court ordered a relatively short discovery period because the discovery regarding issues in this case significantly overlaps with an earlier-filed case, *Hoffman v. Hammerhead Construction*, 3:21-cv-00046 (D.V.I.), where discovery (including expert discovery) is essentially complete. The parties knew that they

       had a short window to complete discovery in this case. Given that reality, the Court cannot understand why the Hoffmans served their discovery requests three weeks into the [four]-month discovery period, and then essentially frittered away a month and a half of the remaining discovery period waiting for Hammerhead, Rivera, and Firestone to respond to their requests. While they did make numerous overtures to opposing counsel, waiting six weeks before preparing to file a motion to compel does not suggest the kind of diligence necessary to support a motion to extend discovery deadlines. And it does not reflect well on Attorney Meade to be so cavalier in not taking his obligations to timely respond to discovery seriously, and then serving the responses on the eve of the Hoffmans' counsel's vacation—timing that essentially forced the Hoffmans to seek an extension.

       The Court is not inclined to grant the relief requested because counsel for all parties appear to view deadlines as mere suggestions rather than as deadlines with which they must comply. Nevertheless, the Court will grant in part the Hoffmans' motion. It will not provide the requested 45 day extension, but will grant a 30 day extension for the remaining deadlines. **The Court warns the parties that, under no circumstances, will it further extend the deadlines.** As a result, counsel will have to insure that the deadlines below are met because this is the last time the Court will entertain a motion for an extension from either party.

*Id.* at 2-4.

    The second presentation of the issues underlying the instant Motion to Compel occurred three weeks later, on December 19, 2023, when the Hoffmans sent a letter to the Chambers email box requesting an informal discovery conference in an attempt to resolve a discovery dispute without need of a motion to compel pursuant to LRCi 37.1. The letter specifically concerned the Hoffmans' discovery dispute with Defendant Rivera, asking that "the Court schedule an informal conference and that . . . Rivera be ordered to produce all of the documents previously requested." 12/19/23 letter at 2. Attorney Weiss indicated in the letter that Hammerhead and Firestone had also failed to identify the documents in response

to the RFPs directed to them, but since a letter to Attorney Meade seeking a meet and confer was sent only on December 18th, "the dispute with regard to their evasive and incomplete responses is not yet ripe for the Court's consideration. The instant dispute with regard to . . . Rivera, however, is ripe[.]" *Id.* at 2-3.

The Court asked Attorney Weiss to send a revised letter, stating that the request for an informal conference was a joint request with Attorney Meade, as required by the Local Rule, and providing legal citations. In the revised letter sent on December 20, Attorney Weiss again requested that the Court order Rivera to respond to the RFPs served on him. 12/20/23 letter at 2-3. The letter also noted similar discovery issues with Hammerhead and Firestone were "looming" and asked the Court to "set an immediate informal conference to deal with these matters." *Id.* at 3. Attorney Weiss acknowledged in a footnote that those issues were "not yet ripe" because he had served his meet-and-confer letter on Attorney Meade on December 18, 2023 setting forth the discovery issues with Hammerhead and Firestone.

In both letters, Attorney Weiss sought an extension of the January 8, 2024 discovery deadline, despite the Court's emphasis in the November 30, 2023 Amended Scheduling Order that it would not entertain such requests. Dkt. No. 47.

In response to Attorney Weiss's letter, the Court scheduled an informal discovery conference for December 20. It addressed only the dispute surrounding Rivera's failure to respond to the Hoffmans' RFPs. Attorney Weiss acknowledged in the conference that the discovery issues surrounding Rivera were the only ones ripe to address (as opposed to the

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 6

Hammerhead and Firestone discovery issues). The Court issued an Order requiring Attorney Meade to serve the Rivera discovery by December 22, 2023. Dkt. No. 54.

Also on December 20, 2023, counsel for the Hoffmans filed notices to take the depositions of Hammerhead, Rivera, and Firestone on January 4 and 5, 2024, Dkt. Nos. 50, 51, 53, along with a Notice of Intent to Serve Subpoena Duces Tecum for documents from Lisa DiPrimo, Hammerhead's CPA, Dkt. No. 52, and a notice to take her deposition on January 8, 2024, Dkt. No. 55.

On Friday, December 29, 2023, at 2:24 p.m.—the Friday before a holiday weekend, and the Friday before the depositions scheduled for the next week—the Hoffmans filed the instant Motion to Compel, the third iteration of the discovery issues brought before the Court. Dkt. No. 57. They repeated the procedural history concerning their RFPs served on Hammerhead and Firestone on September 1 and 5, 2023, with responses due October 1 and 5, 2023, and provided a detailed account of Attorney Weiss's activities during October and November in this and the related case, *Hoffman v. Hammerhead*, 3:21-cv-0046 (D.V.I.). This description included attempts to follow-up with Attorney Meade to obtain responses to the RFPs (reiterating what had been described in the motion for an extension of the discovery deadline, Dkt. No. 46), culminating with being served with the discovery responses on November 17, 2023, prior to Attorney Weiss leaving on vacation. *Id.* at 3-5. The Motion to Compel recounts that Attorney Weiss contracted COVID during his trip, did not return to St. Thomas until December 4, 2023, and described his subsequent activities, including sending

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 7

Attorney Meade a letter on December 18, 2023 pursuant to LRCi 37.1 that noted the deficiencies in Hammerhead's and Firestone's November 17, 2023 responses to the Hoffmans' RFPs. *Id*. at 5. The parties met and conferred on December 20, 2023 about Hammerhead's and Firestone's "improper evasive responses"[1]; on December 23, when the Hoffmans did not receive the supplementation promised by Attorney Meade, Attorney Weiss requested immediate supplementation. *Id.* at 6-7. On December 28, 2023, Attorney Meade contacted Attorney Weiss stating that requiring a response over the Christmas holidays was unreasonable and oppressive. As of the filing of the Motion to Compel on December 29, 2023, Attorney Meade had not supplemented the responses. As a result, the Hoffmans move to compel and for sanctions. *Id*. at 6-7.

The Hoffmans argue that Hammerhead's and Firestone's responses to their RFPs were evasive, as they stated merely that "Documents responsive to this request have previously been produced," and failed to identify by Bates number the responsive documents. *Id*. at 7-8. Case law provides that this type of broad and non-specific response is improper, and that parties must identify documents responsive to RFPs by Bates numbers.

---

[1] The Court finds this account at odds with the position the Hoffmans took in their December 19 and 20, 2023 letters to the Court, and Attorney Weiss's statement at the December 22, 2023 informal conference that the Hoffmans' request for an informal conference concerning Hammerhead and Firestone was not ripe, as Attorney Weiss had served the letter on Attorney Meade on December 18, 2023. Consequently, the December 22, 2023 informal conference concerned only the RFP requests to Rivera. The Local Rules provide a response to letters seeking a meet and confer on discovery issues within 15 days, LRCi 37.1(c), but the Amended Scheduling Order in this case, Dkt. No. 47, shortened that time to one week—which would have been by Christmas, December 25th.

*Id.* at 7-9. In cases of non-disclosure, Rule 37(c)(1) makes exclusion of witnesses and evidence the remedy, except where the failure to disclose is "substantially justified or harmless"; the burden is on the party who failed to disclose to meet that standard. *Id.* at 10. The Hoffmans contend that, given that fact discovery was closing within the next ten days, and Hammerhead had delayed responding over and over again, the prejudice to them resulting from the failure to produce or specify documents should be self-evident. They were entitled to discover the factual basis for each of Hammerhead's and Firestone's contentions, "pursue any additional avenues of discovery that may become relevant after that disclosure," and not having that information will "preclude them from effectively deposing Hammerhead at its upcoming deposition." *Id.* at 10, 11. The Hoffmans seek sanctions by way of an order precluding Hammerhead from introducing any document in support of "paragraphs 9-13 of its Complaint. . . and as to its claim for compensation for line items 1-4, 7-12, 13, 16, 18-22, 25-30, 32, and 33 of the additional charges claim in p. 3 of its Construction Lien," adverse inferences against these Defendants, as well as attorney's fees. *Id.* at 11, 13.

Hammerhead's and Firestone's response to the motion to compel was due on January 12, 2024. They did not interpose a response, and the time to do so has now expired.

## DISCUSSION

### I. Applicable Rules

Federal Rule of Civil Procedure 26(b)(1), concerning discovery scope and limits, provides, inter alia:

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 9

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Discovery, however, may be denied where "the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii).

Rule 37 of the Federal Rules of Civil Procedure provides that, "[o]n notice to other parties. . . , a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Specifically, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3). For purposes of Rule 37(a), "an evasive or incomplete disclosure. . . or response must be treated as a failure to disclose . . . or respond," Rule 37(a)(4). Courts exercise extremely broad discretion in controlling discovery. *Crawford–El v. Britton,* 523 U.S. 574, 598 (1998).

Under LRCi 37.1, if a discovery dispute arises, and prior to filing any motion relating to discovery—i.e., a motion to compel—counsel for the parties shall confer in good faith in an effort to eliminate the necessity for a motion or to eliminate as many of the disputes as possible. LRCi 37.1(a). Counsel for the moving party bears the responsibility of arranging for that conference, *id.,* which should be completed within 15 days of counsel requesting the

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 10

conference, LRCi 37.1(c). If the attorneys are "unable to resolve the areas of dispute, a joint request shall be made for an informal conference with the Magistrate Judge." *Id.* "A court will not address any discovery motion in the absence of compliance with these local rules." *Bryan v. United States of Am.*, No. 10-cv-66, 2012 WL 5258965, at *4 (D.V.I. Oct. 24, 2012).

**II.     Analysis**

The Court will deny the Motion to Compel for two related reasons.

First, the Hoffmans' counsel, Attorney Weiss, did not comply with LRCI 37.1(c), providing that he and opposing counsel were required to send a joint request to the Court seeking an informal conference to resolve the discovery disputes at issue here—between the Hoffmans and Defendants Hammerhead and Firestone—before he could file the instant Motion to Compel. Attorney Weiss's December 19, 2023 letter to the Court specifically concerned the Hoffmans' discovery dispute with Defendant Rivera, asking that "the Court schedule an informal conference and that . . . Rivera be ordered to produce all of the documents previously requested." In that letter, Attorney Weiss indicated that Hammerhead and Firestone also failed to identify the documents they claim were previously produced, but since the letter seeking a meet and confer had been sent to Attorney Meade on December 18, "the dispute with regard to their evasive and incomplete responses is not yet ripe for the Court's consideration. The instant dispute with regard to . . . Rivera, however, is ripe[.]"

In the revised letter sent to the Court on December 20, Attorney Weiss again requested that the Court order Rivera to respond to the RFPs served on him. The letter noted

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 11

similar issues with Hammerhead and Firestone were "looming" and acknowledged in a footnote that those issues were "not yet ripe" because he had just served the meet-and-confer letter on Attorney Meade, but nevertheless asked the Court to "set an immediate informal conference to deal with these matters"—apparently including the Hammerhead and Firestone discovery. However, the December 20, 2023 informal conference with the attorneys and the Court addressed only the discovery dispute concerning Rivera, with Attorney Weiss again acknowledging that that was the only ripe discovery dispute. Thus, the Court implicitly denied Attorney Weiss's request to address the "unripe" Hammerhead and Firestone issues mentioned in the December 20, 2023 letter. This was clear because the Order issued by the Court on December 20th following the conference required Attorney Meade to provide the responses only to the discovery served on Rivera by December 22, 2023. Dkt. No. 54.

But even if Attorney Weiss's December 20th letter could have been construed as a request for an informal conference concerning the Hammerhead and Firestone discovery issues, such an informal conference was not held as the conference related only to the issues involving Rivera. Attorney Weiss should have requested an informal conference to address these concerns once they were ripe, but did not do so,[2] and the Court never had an

---

[2] In footnote 1, *supra*, the Court noted a discrepancy between what Attorney Weiss stated in his December 19 and 20, 2023 informal letters to the Court, and in the Motion to Compel, as to whether the discovery issues concerning Hammerhead and Firestone were ripe on December 20, 2023.

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 12

opportunity to try to resolve those issues without resort to a motion to compel. Consequently, the Motion to Compel Hammerhead and Firestone's responses does not comply with LRCI 37.1(c), that sets forth the predicate that the parties have an informal conference with the Court on the matter before a motion to compel is filed. Having failed to comply with the Local Rule, the motion will be denied. *Bryan*, 2012 WL 5258965, at *4.

The second reason supporting denial is the fact that the motion to compel—even assuming it had complied with LRCi 37.1(c)—was filed too close to the close of discovery, without a sufficient reason for leaving this matter to the last minute. The problems were brewing since October 5, 2023 when Attorney Weiss did not receive Hammerhead's and Firestone's responses to the RFPs. But the Motion to Compel was filed on Friday, December 29, 2023 at 2:24 p.m. before a holiday weekend. It was clear that Attorney Weiss wanted this discovery produced prior to the January 4 and 5 depositions of Firestone and Hammerhead, (if the Court did not allow him his preferred option of again extending the discovery deadline), which, given the date the motion was filed, would have been impossible to achieve. The deadline for Attorney Meade to file a response was January 12, 2024—after the depositions. Attorney Weiss did not seek any expedited response from opposing counsel or review by the Court to his Motion to Compel.

While Hammerhead's and Firestone's responses to the RFPs were problematic, the dispositive problem underlying this last-minute motion lies with the Hoffmans and their counsel. As the Court observed in the November 30, 2023 Order granting an extension of

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 13

discovery—reasoning that applies here as well—knowing that there was a relatively short discovery window, Attorney Weiss let three weeks elapse in the discovery period before he served the RFPs on opposing counsel. He then "frittered away" six weeks of the discovery period, after the responses were due and were not forthcoming, in various backs-and-forths with Attorney Meade. Attorney Weiss has been anything but reticent in terms of filing motions for various forms of relief in this case, and therefore the fact that he squandered another month and a half waiting for a response, without seeking an informal discovery conference with the Court during that time frame, is inexplicable. As Attorney Weiss stated in his motion for an extension, Dkt. No. 46, he had prepared a motion to compel and was ready to serve it when Attorney Meade provided the responses on November 17, 2023. During the next two weeks, Attorney Weiss was off island and suffering from COVID. But when he returned on December 4, 2023, he did not seek an informal conference with the Court on the Hammerhead and Firestone discovery matters, and then file his motion to compel,[3] with enough time for Attorney Meade to respond before discovery closed. But two more weeks elapsed and, only on December 19 did he contact the Court for an informal conference concerning Rivera. He filed the instant Motion to Compel concerning

---

[3] As Attorney Weiss stated in his Motion to Compel, his objections to the RFPs from Hammerhead and Firestone are essentially the same—that they did not specify by Bates numbers which of the documents already produced responded to the RFPs. Dkt. No. 57 at 7-9, 13. Thus, even if Attorney Weiss could not use the already-prepared motion to compel and had to draft a new one, it should not have taken an extraordinarily long time.

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 14

Hammerhead and Firestone ten days later, on December 29—ten days before the January 8, 2024 discovery deadline.

Case law is clear that motions to compel filed after the discovery deadline has closed are improper, *see Finizie v. Shineski*, 351 Fed. App'x 668, 672 n.7 (3d Cir. 2009) (affirming denial of a motion to compel that was filed at least two weeks "after discovery had closed"); *Sayles v. Allstate Ins. Co.*, No. 3:16-cv-1534, 2023 WL 6051262, at *5 (M.D. Pa. Sept. 15, 2023) (quoting *Frazier v. SCI Medical Dispensary Doctor + 2 Staff Members*, 2009 WL 136724, at *2 (M.D. Pa. Jan. 6, 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances.")). However, case law is also clear that motions to compel filed close to the discovery deadline may also be denied. *See United States ex rel. Gohil v. Sanofi U.S. Servs. Inc.*, No. 02-cv-2964, 2020 WL 1888966, at *4 (E.D. Pa. Apr. 16, 2020) (citing cases, including *Cont'l Cas. Co. v. Tyson Foods, Inc.*, No. 15-cv-20, 2017 WL 11180629, at *2 (E.D. Tenn. June 15, 2017) ("[m]otions to compel filed within days of the close of discovery are untimely.") (collecting cases); *Hyland v. Homeservices of Am., Inc.*, No. 05-cv-612, 2012 WL 1680109, at *4-*6 (W. D. Ky. May 14, 2012) (concluding that motion to compel filed ten days prior to close of discovery was untimely); *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *5-*6 (N.D. Ill. Aug. 11, 2006) (same with motion filed eleven days before close of discovery); *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 WL 3021842 at *4 (N.D. Ill. Dec. 30, 2004) (same with motion to compel filed four days before close of discovery)); *see also Summy-Long v. Pa. State Univ.*, No. 1:06-cv-1117,

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 15

2015 WL 5924505, at * 5 (M.D. Pa. Oct. 9, 2015) (denying motion to compel where "Plaintiff waited until the very last of the discovery period to attempt to compel Defendants to produce an overbroad swathe of documents"). In addition, courts have found lengthy delays before moving to compel to be dilatory. *See, e.g., Audi AG v. D'Amato,* 469 F.3d 534, 541-42 (6th Cir. 2006) (finding a delay of two-and-a-half months dilatory); *Plott v. General Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1197 (6th Cir. 1995) (finding the plaintiff dilatory in his efforts when he learned of the pertinent issue three weeks before the close of discovery).

Here, the Hoffmans had substantial time in which to file a motion to compel but have failed to articulate a reasonable justification for not timely doing so. While Attorney Weiss has described his busy schedule in October, November, and December, 2023, that is not a reasonable excuse for not requesting an informal discovery conference and then filing a motion to compel by mid to late October when the responses were not forthcoming. If he had filed the motion earlier, there would have been time for full briefing and resolution *within* the discovery period.[4] Although the Court in *Bryan* denied a motion to compel filed

---

[4] Perhaps the late filing of the Motion to Compel was a "hail Mary" attempt to pressure the Court into extending the discovery period, despite its warning, in the clearest possible language in its November 30, 2023 Order, that it would not extend the deadlines under any circumstances. Dkt. No. 47. The Court so speculates as a result of statements contained in the Motion to Compel that the Hoffmans were entitled to discover the factual basis for each of Hammerhead's and Firestone's contentions and "pursue any additional avenues of discovery that may become relevant after that disclosure" —meaning, extend the discovery period to allow even more discovery—and that not having that information will "preclude [the Hoffmans] from effectively deposing Hammerhead at its upcoming deposition"—which would have also required an extension of the discovery period to reschedule the depositions. Dkt. No. 57 at 10, 11.

*Hammerhead Construction v. Hoffman*
3:23-cv-00014-RAM-EAH
Order
Page 16

after the discovery deadline, its reasoning applies in this case as well. The Court observed that "although plaintiffs claim to have continuously complained about discovery deficiencies, the fact is they simply failed to file their motions in anything resembling a timely manner, and they give no sufficient reason why the motions could not have been filed sooner." *Bryan,* 2012 WL 5258965, at *4. While the Hoffmans properly chide Attorney Meade for his history of delay and dilatoriness in responding to the RFPs, Dkt. No. 57 at 11, they, too, have been less than diligent in compelling discovery. And as the rules provide, discovery may be denied where "the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). The Hoffmans had ample opportunity here to move to compel, but they did so only at the eleventh hour. The Court will deny the motion, and will decline to sanction Hammerhead and Firestone.

Accordingly, it is hereby **ORDERED** that the Motion to Compel, Dkt. No. 57, is **DENIED**.

ENTER:

Dated: January 17, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE