## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **HAMMERHEAD CONSTRUCTION, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 3:23-cv-0014** |
| **v.** ) | |
| ) | |
| **HARVEY HOFFMAN AND JANICE** ) | |
| **HOFFMAN,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————————) | |

### <u>ORDER</u>

**THIS MATTER** comes before the Court on Third-Party Defendants Stephen Rivera ("Rivera") and Jennifer Firestone's ("Firestone") Motion to Strike or Dismiss Third Party Claims. (ECF No.19).[1] For the reasons stated below, the Court will grant the motion.

### I. BACKGROUND

Because the Court writes for the parties – who are intimately familiar with this case – the Court will recite only the background facts necessary for a disposition of this motion.

On September 6, 2022, Hammerhead Construction, LLC ("HC") filed a complaint in the Superior Court of the Virgin Islands asserting a claim for breach of contract against the Hoffmans. (ECF No. 1-1.) HC alleged that it entered into a contract with the Hoffmans to repair and restore their property damaged by the Hurricane Irma on September 6, 2017. The contract was initially for $763,320, which was first reduced to $521,378, and then to $507,078. HC allege that the Hoffmans amended the scope of the work by adding additional $60,511.70 in labor, materials, and profit, making the total price $567,589.70. The Hoffmans paid $475,000, but breached the contract, on or about January 20, 2021, by failing to pay $92,589.70.

---

[1] By Order dated July 23, 2023, the Magistrate Judge denied the Hoffman's request for an extension of time to file a response. The Hoffmans', nonetheless, filed a Motion to Consider Response Out of Time on July 24, 2023, *see* ECF No. 31, and thereafter, filed an untimely response on that same date. ECF No. 32. For the reasons articulated by the Magistrate Judge in his July 23, 2023 Order, the Hoffmans' motion at ECF No. 31 will be denied.

On March 22, 2023, the Hoffmans filed a Notice of Removal. (ECF No. 1.) They answered the complaint and asserted verified counterclaims against HC and third-party claims against Rivera, HC's sole member, and Firestone. (ECF No. 9.) The Hoffmans allege that in May 2017, relying on Rivera and Firestone's representations, they contracted with HC and Rivera to do certain work at their property. Hoffmans paid the May 4, May 17 and August 9, 2017 invoices, prepared by Firestone. At the time Hurricane Irma stuck, HC and Rivera did not complete the pre-Hurricane work as contracted in May 2017, and, as a result, Rivera and HC owe the Hoffmans $6,050 for work and materials that Hoffmans paid but which was not completed by Rivera and HC as of September 6, 2017. Following Hurricane Irma, the Hoffman's allege that Rivera agreed to provide the Hoffmans with a credit of $6,050 against the cost of the hurricane repair work for the pre-hurricane work that was not completed but which Hoffmans paid.

The Hoffmans contend that they hired HC and Rivera to do hurricane repairs and renovations initially for $763,320, but, on October 23, 2018, Rivera agreed to revise the cost to $521,378. Firestone prepared Revised Hurricane Rebuild Fee, which included fraudulent and false charges. Between March 14 and December 20, 2018, Hoffmans paid HC and Rivera $475,000 toward the hurricane repairs and renovations, as memorialized in the October 23, 2018 Revised Hurricane Rebuild Fee spreadsheet. The Hoffmans further contend that between October and December 2018, HC and Rivera damaged Hoffmans' property. Following Hoffmans' creation of the living trust, the transfer of the property to the trust, and the issuance of the January 19, 2021 stop work order, HC, Rivera and Firestone filed an overstated construction lien claiming an unpaid balance of $92,589. Thereafter, the Hoffmans learned that Rivera and HC were not licensed to do the work for which they were hired and the work they did was defective, incomplete, and not in compliance with the various applicable codes. The Hoffmans allege that the estimated cost to remedy the defective work is $917,939.56, out-of-pocket expenses of $39,717.01, and $120,000 in loss of use of the property. According to the Hoffmans, they overpaid HC and Rivera $6,050 for the pre-hurricane work and $200,000 for the post-hurricane work. Further, the Hoffmans allege that HC is Rivera's alter ego and Rivera used HC's funds to pay his personal expenses

and defrauded the Hoffmans by billing them for work which Rivera and HC were not licensed to perform. The Hoffmans assert claims for Breach of Contract (Count I), Breach of Implied Warranty of Proper Workmanship & Fitness for Purpose (Count II), Unjust Enrichment (Count V), False and Overstated Construction Lien (Count VI), Slander of Title (Count VII), Defamation (Count VIII), Discharge of Lien (Count IX), and Negligence and Negligence Per Se (Count X) against HC and Rivera, and Fraud and Misrepresentation (Count III) and Conspiracy (Count IV) against HC, Rivera and Firestone.

## II. DISCUSSION

Rule 14 of the Federal Rules of Civil Procedure governing impleader of third parties provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Impleader under Rule 14(a) is proper "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure,* Vol. 6, § 1446, at 355–58 (1990)). "A third-party claim is not proper where it is separate and independent from the claim alleged in the complaint, even where it arises out of the same facts as the plaintiff's action." *United States v. Berk & Berk*, 767 F. Supp. 593, 604 (D.N.J. 1991). "Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

In this action HC asserts that, on an unidentified date, it agreed to provide a repair and restoration of the Hoffmans' property damaged by Hurricane Irma, but the Hoffmans breached the contract when they failed to pay $92,589.70 due to HC under the contract. Third-Party Defendants Rivera and Firestone contend that the Hoffmans' claims against them do not assert that either Rivera or Firestone may be liable to them for the breach of contract asserted by HC or that either may be liable derivatively for all or part of HC's claims; rather, the Hoffmans assert independent tort claims against Rivera and Firestone. According

to Rivera and Firestone, since the third-party complaint does not comply with Rule 14, it fails to state a claim for relief and must be dismissed.

      1.  <u>Third-Party Claims Against Rivera</u>

      In their third-party complaint against Rivera, the Hoffmans assert that HC was Rivera's alter ego and, for that reason, Rivera is liable to them for: (1)  breach of contract (Count I), namely,  (a) the May 2017 contract for work on their property by failing to credit $6,050 (for the pre-Hurricane Irma work that was paid but not completed when Hurricane Irma stuck) against the cost of the Hurricane Irma repair work; and (b) the October 23, 2018 contract by failing to complete the work at the property despite repeated requests, and by doing defective and sub-standard work out of compliance with various codes; (2) breach of implied warranty of proper workmanship and fitness for purpose (Count II); (3) fraud and misrepresentation (Count III) by falsely representing that HC and Rivera were licensed General Construction Contractors, submitting false charges, and falsely representing they performed certain work; (4) Conspiracy (Count IV) with Firestone and HC to defraud Hoffmans; (5) unjust enrichment (Count V); (6) False and Overstated Construction Lien (Count VI), claiming that $92,589 remained unpaid; (7) slander of title (Count VII) based on the Notice of Claim of Construction Lien falsely alleging that $92,589 was owed; (8) defamation (Count VIII), based on the publication of the Notice of Claim of Construction Lien; (9) discharged of lien (Count IX) by operation of law; (10) negligence and negligence per se (Count X), based on the damage to portions of the property and failure to comply with various construction codes. The Hoffmans' claims against Rivera do not qualify as a third-party complaint under Rule 14(a) because Rivera's liability to the Hoffmans is not derivative of or dependent on HC's main claim for breach of contract. The Hoffmans assert that Rivera is liable to them on all their third-party claims based on the alter ego theory of liability, alleging essentially that Plaintiff HC is, in fact, Rivera. However, Rivera cannot be liable to the Hoffmans for all or part of the claim that he, through his alter ego HC, asserted against them, and it is not possible under Rule14 "to implead a third party claimed to be solely liable to the plaintiff." *Millard v. Mun. Sewer Auth. of Lower Makefield Twp.*, 442 F.2d 539, 541 (3d Cir.

1971). The Court finds that striking the third-party claims against Rivera for failure to comply with Rule 14(a) is appropriate.

    2. <u>Third-Party Claims Against Firestone</u>

In their third-party complaint against Firestone, the Hoffmans allege that she is liable to them for fraud and misrepresentation (Count III) and conspiracy (Count IV). The Court finds that the third-party claims against Firestone are not derivative of or dependent on HC's claim for breach of contract against Hoffmans because there is no circumstance in which Firestone could be liable to Hoffmans for any judgment that HC could obtain against the Hoffmans on HC's breach of contract claim. The third party-claims against Firestone are independent claims of liability to the Hoffmans, not contemplated under Rule 14(a). Accordingly, the Court will strike the third-party claims filed against Firestone for failure to comply with Rule 14(a).

## III. CONCLUSION

For the reasons stated above, the Court concludes that the third-party claims are not derivative or dependent on HC's claims. Accordingly, it is hereby

**ORDERED** that Third-Party Defendants Stephen Rivera and Jennifer Firestone's Motion to Strike or Dismiss Third Party Claims, ECF No. 19, is **GRANTED;** it is further

**ORDERED** that the third-party claims filed against Rivera and Firestone are **DISMISSED without prejudice**; it is further

**ORDERED** that the Hoffmans' Motion to Consider Response to Rivera and Firestone's Motion to Strike or Dismiss Third Party Claims Out of Time, ECF No. 31, is **DENIED.**

**Date:** March 30, 2024

                                         */s/  Robert A. Molloy*
                                         **ROBERT A. MOLLOY**
                                         **Chief Judge**