IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HAMMERHEAD CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-0014 |
| v. ) | |
| ) | |
| HARVEY HOFFMAN AND JANICE ) | |
| HOFFMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Plaintiff Hammerhead Construction, LLC 's ("HC") Motion to Dismiss Counterclaim, filed on June 7, 2023. (ECF No. 20). Defendants Harvey Hoffman and Janice Hoffman (the "Hoffmans") filed an opposition on July 21, 2023. (ECF No. 28). For the reasons stated below, the Court will grant, in part, and deny, in part, the motion to dismiss counterclaims.

**I.**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must allege sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.**

The Hoffmans assert the following counterclaims against HC and Stephen Rivera ("Rivera"): Breach of Contract (Count I), Breach of Implied Warranty of Proper Workmanship & Fitness for Purpose (Count II), Unjust Enrichment (Count V), False and Overstated Construction Lien (Count VI), Slander of Title (Count VII), Defamation (Count VIII), Discharge of Lien (Count IX), and Negligence and Negligence Per Se (Count X). The

Hoffmans also assert the following counterclaims against HC, Rivera and Jennifer Firestone ("Firestone"): Fraud and Misrepresentation (Count III) and Conspiracy (Count IV).

HC asserts that: (1) Count III, Fraud and Misrepresentation, is barred by the statute of limitations; (2) Count IV, Conspiracy, "makes no differentiation between what [HC] did or agreed to do, how it was involved in conspiracy" (ECF No. 20-1 at 5); (3) Count V, Unjust Enrichment, is barred by the existence of a contract; (4) Count VI, False and Overstated Construction Lien, Count VII, Slander of Title, Count VIII, Defamation and Count IX, Discharge of Lien, are moot because the construction lien expired as a matter of law and no longer encumbers the property; and (5) Count X, Negligence and Negligence Per se, are barred by the gist of the action doctrine and economic loss rule. Each of these arguments are addressed below.

### III.

#### 1. Count III - Fraud and Misrepresentation

"In the Virgin Islands, a claim for fraud is a tort claim subject to a two-year statute of limitations, as is a claim for fraudulent misrepresentation." *Nguyen v. Nguyen*, 2022 VI SUPER 1U, ¶ 10 (V.I. Super. Jan. 4, 2022). "In an action upon a . . . fraud, or mistake, the limitation shall be deemed to commence only from the making of the new promise or the discovery of the fraud or mistake." 5 V.I.C. § 32(c).

This action commenced on March 22, 2023, and the Hoffmans filed their counterclaims on April 6, 2023. Taken as true, the Hoffmans' allegations that they discovered fraud and misrepresentations for the first time during pretrial discovery in *Hoffman v. Hammerhead Construction,* LLC, Case No. 3:21-cv-0046, including completion of expert analysis and Rivera's June 17, 2022 deposition, are sufficient to prevent dismissal of Count III on the ground of statute of limitations at this stage of the proceeding. The Court finds that HC failed to establish that the statute of limitations bars Count III on the face of the pleading.

#### 2. Count IV - Conspiracy

To establish a civil conspiracy, a plaintiff must show "an agreement or combination to perform a wrongful act, or lawful act by unlawful means, that results in damage to the plaintiff." *Isaac v. Crichlow*, 63 V.I. 38, 64 (Super. Ct. 2015).

To the extent that it is capable of understanding, HC's incomplete and conclusory assertion that the "[c]onspiracy claim makes no differentiation between what [HC] did or agreed to do, how it was involved in conspiracy" is insufficient to establish that the Hoffmans failed to state a claim for civil conspiracy. The Hoffmans plausibly allege that HC, Rivera, and Firestone agreed to perform wrongful acts or lawful acts by unlawful means to defraud the Hoffmans and obtain their money by false and fraudulent pretenses, causing them to suffer damages. Those acts include, *inter alia*, fraudulent representations that HC and Rivera were licensed General Construction Contractors, fraudulent overbilling, falsely charging for work not performed, falsely representing that certain work was performed, and fraudulently concealing damages they caused to the property. The court finds that HC failed to establish that dismissal of Count IV is warranted.

### 3. Count V - Unjust Enrichment

"[A]n unjust enrichment claim may be pled in the alternative" despite the existence of the contract between the parties, *Arvidson v. Buchar*, 71 V.I. 277, 294, 2019 VI SUPER 122, ¶ 4 (V.I. Super. 2019), but only where the unjust enrichment claim does not address "the precise subject matter in dispute" in the breach of contract claim. *Id.* at ¶ 106.

The Hoffmans assert that HC and Rivera were unjustly enriched when they were paid for, but failed to complete, the work agreed in the contract. However, the Hoffmans make the same allegations in their breach of contract claim. The Court finds that the unjust enrichment claim addresses identical subject matter in dispute alleged in the breach of contract claim. Accordingly, the existence of the contract in the circumstances of this case excludes the unjust enrichment claim warranting its dismissal.

### 4. False and Overstated Lien (Count VI), Slander of Title (Count VII), Defamation (Count VIII), and Discharge of Lien (Count IX)

"[F]ederal courts can entertain actions only if they present live disputes, ones in which both sides have a personal stake." *Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). A case becomes moot when "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Hamilton v. Bromley*, 862 F.3d 329, 335

(3d Cir. 2017). A party asserting mootness has a burden to persuade the court that there is no longer a live controversy. *Hartnett*, 963 F.3d at 305-06.

The purpose of the construction lien is "securing payment to contractors and subcontractors who provide materials and/or services to improve an owner's property" and "protecting property owners from abusive lien practices and the risk of double payment." *H.I. Const., LLC v. Bay Isles Assocs., LLLP*, 53 V.I. 206, 214 (V.I. Super. 2010). A construction lien is discharged "by failure to record notice of the commencement of an action to enforce the lien or notice that no cause of action has accrued within the time prescribed in section 271 of this title." 28 V.I.C. § 270(a)(2). A notice of construction lien does not bind "any property for a period of time longer than 90 days after the recording of the notice of lien unless within that time an action to foreclose the lien is commenced in a proper court or unless within that time the claimant has recorded an affidavit" as provided in 28 V.I.C. § 271(b). 28 V.I.C. § 271(a). "If a claimant in bad faith overstates the amount for which he is entitled to a lien" the court may declare the lien void, award the owner or other injured person actual damages and "award the owner punitive damages in an amount not exceeding the difference between the amount claimed as a lien and the amount which the claimant was actually entitled to claim as a lien." 28 V.I.C. § 275(b)(1)-(3).

HC does not explain or cite any binding authority to support its argument that its expired January 29, 2021 Notice of Claim of Construction Lien, which no longer encumbers the property, moots the causes of action for False and Overstated Construction Lien (Count VI), Slander of Title (Count VII), and Defamation (Count VIII). The statute does not contain any language limiting in any way or making contingent on any time period or occurrence the owner's remedy for bad faith overstatement of the lien amount. *See Smith Bay Ctr. Corp. v. Jackman*, No. ST-00-CV-15, 2009 WL 10742401, at *6 (V.I. Super. Sept. 21, 2009) (finding that "at this time, the lien is of no effect" and proceeding to analyze whether the claimant overstated the lien amount in bad faith). Accordingly, the Court finds that HC failed to establish that Counts VI, VII and VIII are moot.

As to Count IX, Discharge of Lien, the Court agrees with the Hoffmans' allegation that it "has been discharged by operation of law," (ECF No. 9 ¶ 178), namely, "by failure to record

notice of the commencement of an action to enforce the lien or notice that no cause of action has accrued within the time prescribed in section 271 of this title." 28 V.I.C. § 270(a)(2), making Count IX moot. Although the Hoffmans assert in their opposition to the motion that "the Notice of Lien remains recorded and in the chain of title to the Hoffmans' property" and that "without an order from the Court, the Notice of Lien will not be removed by the Virgin Islands Recorder of Deeds," no such allegations exist in Count IX, and there is no mention of the Virgin Islands Recorder of Deeds or the applicable procedures, if any, for removal of the lien that has been discharged by the operation of law from the Virgin Islands Recorder of Deeds records. Accordingly, there does not appear to be any case or controversy on this Count.

### 5. Count X - Negligence and Negligence Per Se

The gist of the action doctrine, requires dismissal of tort claims "1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *Robertson v. Banco Popular de Puerto Rico*, 77 V.I. 574, 591, 2023 VI 3, ¶ 27 (2023). However, the gist of the action doctrine does not apply in the Virgin Islands. *Id.* at ¶ 38 9 (finding that "the gist of the action doctrine does not represent the soundest rule for the Virgin Islands"). Since the gist of the action doctrine does not apply in the Virgin Islands, Count X is not a viable cause of action.

"The economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract," and "economic losses may not be recovered in tort (negligence) absent physical injury or property damage." *Cannon v. Fulcrum Constr., LLC*, 2023 VI SUPER 78U, ¶ 41 (V.I. Super. Dec. 12, 2023).

The Hoffmans allege in Count X that HC and Rivera damaged their property, including "breaking one of the large sliding doors at the property, damaging and scratching up a brand new kitchen counter, and cementing a drain in the pool closed," (ECF No. 9 ¶ 181), "failed to seal and waterproof the pool light" and "caused the hot water in the house to be blocked," (*id.* ¶ 182), and failed to comply with the building and electrical codes, (*id.* ¶ 184). In their

Count I, Breach of Contract, the Hoffmans allege, *inter alia*, that "Rivera and [HC's] substandard, defective, improper work, and work that did not meet Code, and their failure to repair damages done by them to the property also constitute a breach of contract." (*Id.* ¶ 107). As Count X asserts tort claims that arise only from breach of contract or are associated with the contract relationship, and the alleged injuries are not independent and separate from the economic losses recoverable under the breach of contract claim, the tort claims under Count X are precluded by the economic loss doctrine. *Kirkland v. Feddersen*, 2023 VI SUPER 25U, ¶ 7 (V.I. Super. May 18, 2023) (explaining that "tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach-of-contract claim"). Accordingly, dismissal of Count X is warranted.

### III. CONCLUSION

For the reasons stated above, the Court will grant HC's motion and will dismiss Counts V, IX and X of the counterclaims. The Court will deny the motion as to Counts III, IV, VI, VII and VIII. Accordingly, it is hereby

**ORDERED** that Plaintiff Hammerhead Construction, LLC 's ("HC") Motion to Dismiss Counterclaim, filed on June 7, 2023, (ECF No. 20), is **GRANTED, in part, and DENIED, in part;** it is further

**ORDERED** that HC's motion to dismiss Counts V (Unjust Enrichment), IX (Discharge of Lien), and X (Negligence and Negligence Per Se) of Defendants' counterclaims are **GRANTED.** These Counts are **DISMISSED;** it is further

**ORDERED** that HC's motion to dismiss Counts III, IV, VI, VII, and VIII of the counterclaims are **DENIED.**

**Date:** March 30, 2024                  /s/ *Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **Chief Judge**